UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CR00152 RWS |
| | ) No. 4:14CR00175 AGF |
| MARK PALMER, | ) |
| CHARLES WOLFE, and | ) |
| SAMUEL LEINICKE, | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT
MOTION FOR NEW TRIAL**

COMES NOW the United States of America, by and through its attorneys, Carrie Costantin, Acting Under Authority Conferred by 28 U.S.C. §515, and James C. Delworth, Erin O. Granger, and Jennifer A. Winfield, Assistant United States Attorneys for said District, and files this response to the motion by defendants Mark Palmer, Charles Wolfe and Samuel Leinicke for a new trial.

Pursuant to Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires…" However, district courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

1.  Defendants contend that the Court erred in granting the government's motion in limine barring the defendants from raising the issue of advice of counsel. The Government asserts

1

that this is not an accurate recitation of the Court's ruling.[1]  The government understood the Court to overrule its objection that the defense was not proper, as there was not an element of willfulness involved in the charges.[2]  Thus, the Government understood that the Court would allow the defense to raise an advice of counsel defense if it met the requisite preliminary showing that the defendants had provided counsel with all of the material facts and that defendants acted in good faith on counsel's advice.  *See:* Order filed on October 11, 2017, *Doc*. 434.  *United States v. Quinones*, 417 Fed. Appx. 65 (2d. Cir.), *cert. denied* 565 U.S. 1080 (2011) (defendant not entitled to jury instruction on an advice of counsel defense in a controlled substance and money laundering prosecution where defendant did not show required factual predicate for defense). *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987) (in order to successfully assert an advice of counsel defense, defendant must have made: full disclosure to his attorney of all material facts, and relied in good faith on the specific course of conduct recommended by the attorney.)  *See also Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961), *cert. denied,* 370 U.S. 952 (1962).

      The defendants were given numerous opportunities to make a preliminary showing.  Initially, the defense submitted as exhibits opinion letters from counsel regarding a few of the

---

[1] The Government does not have a transcript from trial and thus references to trial rulings reflect the collective recollection of counsel.
[2] The Government preserves its right to argue that advice of counsel defense was not a viable defense in the instant case, as the drug trafficking offenses did not involve an element of willfulness.  *United States v. Smith*, 7 Fed. Appx. 772, *1-2 (9th Cir. 2001) (unpublished) (because controlled substances offenses are knowing and not willful offenses, an advice of counsel defense is not available); *United States v. Stacy*, 734 F. Supp. 2d 1074, 1083 (S. D. Cal. 2010) (because the government is not required to prove the defendant's knowledge of the law or intent to violated the law, an advice of counsel defense is not available in a medical marihuana case); *United States v. Scarmazzo*, 554 F. Supp. 2d 1102 (E.D. Cal. 2008) (good faith reliance on advice of counsel defense was not relevant in a medical marihuana case where such advice could only be shown to negate willfulness or specific intent and defendants were not charged with such crimes).

substances.  As recognized by the Court in its order of October 11, 2017, the opinion letters state they are only valid as of that date, express opinions as to state law, do not reference the Controlled Substance Analogue Enforcement Act and appear to contemplate that the substances would not be used for human consumption.  The Court properly found that the exhibits did not satisfy defendants' obligation to make a preliminary showing, but allowed them the opportunity to lay the proper foundation at a hearing scheduled with the consent of the parties for an afternoon, October 6, 2017, when the jury had been excused.  On the day of the hearing, defense counsel informed the court that the "counsel" who had provided the alleged advice legal advice had come to St. Louis and then left and would not be appearing for a scheduled hearing on the issue.  Defense counsel subsequently advised the Court on October 11, 2017, that "counsel" would assert his Fifth Amendment privilege and would not testify at any hearing regarding the advice of counsel issue. Thus the defense, while given ample opportunity, did not make the requisite showing necessary for asserting an advice of counsel defense.  Accordingly, without such a showing, the Court did not err in excluding an advice of counsel defense.

      2.      Defendants next contend the Court erred in in failing to allow defense expert Dr. Mark Erickson to present his entire PowerPoint exhibit presentation.  Defendants maintain that the entire presentation fell in the area of general chemistry and did not contain opinions about pharmacology.  Defendants offered into evidence what is attached to their motion for new trial as Exhibit 1.[3]  The Government objected to various conclusions asserted by Dr. Erickson  because

---

[3] On September 13, 2017, Defendants filed notice of Summary of Expected Expert Testimony of Dr. Mark Erickson.  That same date, Defendants provided the government with the Rule 16 disclosure of Dr. Mark Erickson.  The government filed an objection to various opinions rendered by Dr. Erickson.  *See Doc*. 407.  Following a hearing, the Court agreed with the government that portions of this disclosure would not be allowed because Dr. Erickson was not an expert in

3

those conclusions included opinions about pharmacology. Specifically, the government objected to various conclusions contained on pages 2, 5, 6, 7, 8, 10-13, and 16-18. These slides contained structural comparisons of controlled substances and controlled substance analogues to cough medication and household spices such as nutmeg and cloves. Additionally, these slides also contained various opinions about hallucinogenic effects of various compounds.

The Court agreed that many of these slides were improper and sustained the government's objection. Thereafter, the defendants moved to admit Defendants' exhibit "WOLFE-FY" which is attached to Defendants' motion for new trial as Exhibit 2. The Court admitted that exhibit which was presented to the jury and used throughout Dr. Erickson's testimony.

The Court correctly ruled that Dr. Erickson should not have been allowed to opine on pharmacological effects. In Exhibit 1, Dr. Erickson repeatedly cited effects of various substances in his analysis of the chemical structures, yet he was presented as an expert solely with respect to the chemical structure of the charged compounds. Many of Dr. Erickson's examples infringed upon the pharmacological effects of the substances rather than the chemical structure of the same. These were improper since Dr. Erickson held no expertise in the area of pharmacology.

Additionally, the Court was correct in disallowing Dr. Erickson from presenting the chemical structure of various compounds such as cloves, nutmeg and cough syrup and compare those to the synthetic drugs at issue in the case. Many of Dr. Erickson's slides included the structure of a household item compared to a synthetic drug. Whether XLR-11 and nutmeg shared a same structural class is not relevant. The jury was not tasked with comparing compounds such

---

pharmacology. In this motion for new trial, Defendants do not argue that this decision by the Court was in error. As a result, the government will confine its response to the later exhibit proffered by the defendants.

4

as XLR-11 to chocolate or nutmeg.  The jury's job was to determine whether a substance had a chemical structure substantially similar to the chemical structure of a controlled substance in schedule I or II.  Whether or not that substance had a chemical structure substantially similar to nutmeg was irrelevant and was presented solely to confuse the jury.

In one of his slides, Dr. Erickson opined, "a single atom or group can make the difference between an ordinary household substance and a controlled substance as demonstrated in nutmeg, clove oil, and chocolate."  *See Doc. 463, Defendants' Attached Exhibit 1, page 8.*  Such testimony is misleading and was properly stricken.   As this Court is aware, in order for a substance to be classified as a controlled substance analogue, the substance must meet the elements under 21 U.S.C. § 802 (32)(A).  First, the substance must have a chemical structure that is substantially similar to the chemical structure of a controlled substance in schedule I or II.  Second, the substance must have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or a person represents or intends the substance to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II.

Dr. Erickson's conclusion ignores the entire language of 21 U.S.C. § 802 (32)(A).  Assuming, without conceding, that nutmeg and XLR-11 only differed by one atom, the inquiry under 21 U.S.C. § 802 (32)(A) does not end there.   Indeed, even if an item has a chemical structure which is substantially similar to the chemical structure of a controlled substance in schedule I or II, that substance is not a controlled substance analogue unless the substance has a stimulant,

5

depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or a person represents or intends the substance to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.  Dr. Erickson's conclusion is deceptive and was properly stricken by this Court.

Additionally, in light of the overwhelming evidence presented at trial, this evidence would not have had an impact on the jury verdict.

3.     Defendants next contend the Court erred in giving jury instruction number 32.  The defense did not object to this jury instruction at the time of the jury instruction conference. Regardless, the jury instruction constituted a proper recitation of the law based upon *McFadden v. United States*, 135 S.Ct. 2298 (2015).  Defendants appear to object to language in the instruction regarding the jury's consideration of circumstantial evidence.  Specifically, Instruction 32, in relevant part stated:

> Circumstantial evidence of the defendant's knowledge can include the following: a defendant's concealment of his activities, evasive behavior with respect to law enforcement, knowledge that a particular substance produces a "high" similar to that produced by controlled substance, knowledge that a particular substance was subject to seizure by the United States Customs and Border Protections

This language tracks the language of the Eighth Circuit pattern instruction approved at the Instruction Committee meeting on July 12, 2017.

> [Evidence of the defendant's knowledge can include the following:] [a defendant's concealment of his activities, evasive behavior with

6

> respect to law enforcement] [knowledge that a particular substance produces a "high" similar to that produced by controlled substances] [knowledge that a particular substance is subject to seizure by United States Customs and Border Protection]

The proposed Eighth Circuit pattern instruction and Instruction number 32 mirror the holding in *McFadden v. United States*, 135 S.Ct. 2298, 2304 (2015) which in footnote 1 provides in relevant part:

> The Courts of Appeals have held that, as with most *mens rea* requirements, the Government can prove the requisite mental state through either direct evidence or circumstantial evidence. Direct evidence could include, for example, past arrests that put a defendant on notice of the controlled status of a substance. *United States v. Abdulle*, 564 F.3d 119, 129 (C.A.2 2009). Circumstantial evidence could include, for example, a defendant's concealment of his activities, evasive behavior with respect to law enforcement, knowledge that a particular substance produces a "high" similar to that produced by controlled substances, and knowledge that a particular substance is subject to seizure at customs. *United States v. Ali*, 735 F.3d 176, 188-189 (C.A.4 2013).

Accordingly, jury instruction number 32 correctly sets forth the legal standards as set forth by the Supreme Court and was properly given to the jury.

   4. Defendants also contend the Court erred in denying defendant's motion to exclude evidence regarding the defendants' failure to file tax returns.  This evidence was introduced as circumstantial evidence of defendants' knowledge regarding the manufacturing and distribution of synthetic drugs.  In light of seizures occurring with respect to suppliers and distributors of defendant Wolfe, both defendant Wolfe and Palmer limited any type of paper trial.  Both defendant Wolfe and Palmer argued throughout trial that they conducted their businesses as a legitimate enterprise.  The failure to file tax returns evidences their failure to adhere to regular business practices as well as limiting any paper trial, both of which constitute circumstantial

evidence of their knowledge that they were manufacturing and/or distributing controlled substance analogues. Accordingly, the Court did not abuse its discretion in allowing evidence of defendants' failure to file tax returns.

Additionally, in light of the overwhelming evidence presented at trial, the exclusion of this evidence would not have had an impact on the jury verdict.

5. Defendant finally contends the government presented a burden shifting closing argument by suggesting the defendants were required to produce evidence. Defendants failed to object during closing argument. Regardless, the defense in closing pointed out that co-defendants Greg Sloan, Elizabeth Pogue and others were not called by the government implying that the government was withholding evidence from the jury. In light of these remarks, the government stated that the defense also has the power to subpoena witnesses and could have called these co-defendants as witnesses at trial. The Eighth Circuit has "held that the Government is permitted to refer to a defendant's subpoena power in its closing argument when the defendant has emphasized the Government's failure to call potentially damaging witnesses." *United States v. Ziesman*, 409 F.3d 941 (8th Cir. 2005); *see also United States v. Flynn*, 196 F.3d 927, 931 (8th Cir. 1999); *United States v. Kragness*, 830 F.2d 842, 872 (8th Cir. 1987).

Additionally, in light of the overwhelming evidence presented at trial, this evidence would not have had an impact on the jury verdict.

8

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court deny defendants' joint motion to dismiss.

Respectfully submitted,

CARRIE COSTANTIN
United States Attorney
Acting Under Authority Conferred by 28 U.S.C. §515


 /s/ James C. Delworth
JAMES C. DELWORTH, #29702MO
ERIN O. GRANGER, #53593MO
JENNIFER A. WINFIELD, #53350MO
Assistant United States Attorneys
111 S. 10th Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

    Counsel of record.

 s/ James C. Delworth
JAMES C. DELWORTH, #29072MO
Assistant United States Attorney
